**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **CLIFTON LEJEUNE ET AL** | **CASE NO. 2:26-CV-01954** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **STATE FARM FIRE & CASUALTY CO** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM RULING

Before the Court is "State Farm Fire and Casualty Company's 12(B)(6) Motion to Dismiss or Motion to Stay and Extend Responsive Pleading Deadline" (Doc. 10).

## BACKGROUND

Plaintiffs owned a property in Jennings, Louisiana, and allege that Defendant, State Farm Fire and Casualty Company provided a policy of insurance, which covered the property against perils including windstorms/hailstorms.[1] On May 12, 2024, a hailstorm caused damage to the Plaintiffs' property.[2] Plaintiffs reported the loss to Defendant on June 13, 2025; it was assigned a claim number and dispatched to SeekNow to inspect the property.[3] SeekNow concluded no wind or hail damage to the property.[4] In June of 2025, Defendant issued a denial letter for "wear, tear, or deterioration."[5] Plaintiffs retained Curtis Roofing Company to inspect the property, and Curtis Roofing provided State Farm with an estimate that included all the alleged damage found from the hailstorm along with

---

[1] Petition for Damages, ¶ ¶ 6 and 7, Doc. 1-5.
[2] *Id.* ¶ 8.
[3] *Id.* ¶ 9 and 10.
[4] *Id.* ¶ 12.
[5] *Id.* ¶ 16.

photographic evidence.[6] On July 28, 2025, Plaintiffs provided Defendant with a proof of loss demand for payment by way of Curtis Roofing estimate and photo report.[7] On September 26, 2025, Defendant conducted a second inspection, which resulted in the identification of an entire roof replacement due to alleged hail damage.[8] Plaintiffs allege that Defendant undervalued the price to replace the roof, exterior damage, and soft metal damage to the property.[9] After two years of back and forth, Defendant fully paid the claim.[10] However, Plaintiffs allege that items are still outstanding and that they endured out-of-pocket expenses due to Defendant's failure to timely and adequately compensate Plaintiffs.[11]

## **RULE 12(b)(6) STANDARD**

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

---

[6] *Id.* ¶¶ 18-20.
[7] *Id.* ¶¶ 25.
[8] *Id.* ¶ 28.
[9] *Id.* ¶ 29.
[10] *Id.* ¶ 30.
[11] *Id.* ¶ 37.

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund v. (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## LAW AND ANALYSIS

In its Motion to Dismiss, State Farm remarks that the City of Jenning was subjected to several consecutive days of severe weather, including high winds and hail from Sunday, May 12, 2024, to Thursday, May 16, 2024; Governor Jeff Landry issued Executive Order JML-24-72 declaring a state of emergency. State Farm does not provide the Executive Order, and Plaintiff's pleading does not make this allegation.

In their opposition, Plaintiffs contend that the May 12, 2024 hailstorm that caused damage to the property is outside the time frame of the Executive Order. Thus, Plaintiffs argue that State Farm's Motion to Dismiss claims pursuant to Louisiana Revised Statute § 22:1892.2 must be denied. Plaintiffs attach the Executive Order to their opposition, which expressly notes that the declared State of Emergency is from May 14, 2024, through May 17, 2024.

State Farm has not filed a reply to its Motion and the time for doing so has expired.

Plaintiffs contend that La. R.S. 22:1892.2 is not applicable because damage to their property occurred outside the gubernatorially declared emergency or disaster. The Court finds that Plaintiffs' claim is not subject to the "catastrophic loss claims settlement" provided for in Louisiana Revised Statute § 1892.2.

## CONCLUSION

For the reasons explained herein,

**IT IS ORDERED, ADJUDGED, AND DECREED** that State Farm Fire and Casualty Company's 12(b)(6) Motion to Dismiss or Motion to Stay and Extend Responsive Pleading Deadline" (Doc. 10) is **DENIED.**

**THUS DONE AND SIGNED** in chambers on this 4th day of August, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**